UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY JOEL JONATHAN LUNDBERG,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>UNITED STATES OF AMERICA<br><br>　　and<br><br>ATTORNEY GENERAL OF THE UNITED STATES,<br><br>　　　　　　Defendants. | Civil Action 09-01466  (HHK) |

## ORDER

Before the Court is defendants' "Motion to Vacate Entry of Default" [#6].  Upon consideration of the motion, the opposition thereto, and the record of this case, the Court concludes that the motion should be granted because defendants were not properly served.

In order to serve the United States, a plaintiff is required to (1) "deliver a copy of the summons and of the complaint to the United States Attorney for the district where the action is brought"; (2) "send a copy [of the summons and complaint] *by registered or certified mail* to the Attorney General"; and (3) "if the action challenges an order of a nonparty agency or officer of the United States, send a copy [of the summons and complaint] by registered or certified mail to the agency or officer."  Fed. R. Civ. P. 4(i)(1) (emphasis added).

In order "[t]o serve a United States . . . officer or employee sued only in an official capacity," as is the situation here, "a party must serve the United States and also send a copy of

the summons and of the complaint *by registered or certified mail* to the . . . officer[] or employee." Fed. R. Civ. P. 4(i)(2) (emphasis added).

In this case, plaintiff did not effect service in the manner prescribed by Rule 4(i). Instead, he sought to effect personal service on defendants by engaging a process server who handed a summons and complaint to individuals who apparently worked at the Department of Justice and the United States Attorney's Office. Because service was improper, the Court "ha[d] no personal jurisdiction" over, and accordingly "no power to compel an Answer or other response" from, defendants. *Koerner v. United States*, 246 F.R.D. 45, 47 (D.D.C. 2007).

Accordingly, it is this 3rd day of May 2010,

**ORDERED** that defendants' "Motion to Vacate Entry of Default" is **GRANTED**; and it is further

**ORDERED** that the Clerk's Entry of Default [#4] is **VACATED**.

Henry H. Kennedy, Jr.
United States District Judge