UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY JOEL JONATHAN LUNDBERG,<br><br>             Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>   and<br><br>ATTORNEY GENERAL OF THE UNITED STATES,<br><br>            Defendants. | Civil Action 09-01466 (HHK) |

**MEMORANDUM OPINION**

Timothy Joel Jonathan Lundberg, proceeding *pro se*, brings this action against the United States of America and the Attorney General of the United States asserting that the Internal Revenue Service ("IRS") unlawfully placed liens on his property and assessed taxes against him. He seeks an "order of cease and desist," a declaratory judgment, and monetary relief. Before the Court is the defendants' motion to dismiss [#8]. Upon consideration of the motion, the opposition thereto, and the record of this case, the Court concludes that the motion should be granted.

**I. BACKGROUND**

The IRS filed notices of federal tax liens against real property located at 28890 Greenberg Place, Murrieta, California, where Lundberg alleges he currently resides as a renter. Compl. ¶ 12.[1] He initiated this action on August 4, 2009, contending that the federal government lacks the

---

[1] In May 2009, the United States filed suit in the district court for the Central District of California to collect unpaid tax assessments and to foreclose liens against this property. *See United States v. Lundberg*, 2009 WL 2173524 (Compl.) (C.D. Cal. May 8, 2009).

authority to place a lien on his property or to enforce certain provisions of the tax code. *Id.* ¶¶ 1, 8-10. Lundberg contends that the government violated his rights under the Fourth, Fifth, Seventh, and Fourteenth Amendments to the United States Constitution, *id.* ¶¶ 5, 12, and argues that the United States failed to comply with IRS procedural regulations governing lien notification, *id.* ¶ 32, and their counterparts in California state law, *id.* ¶ 12.²

Lundberg requests that the Court issue "an order of cease and desist" to halt the collection of taxes from him. *Id.* ¶ 102. He also seeks a declaratory judgment that discharges his prior tax and lien obligations and prohibits the government from attempting to collect taxes from him unless it meets certain conditions. *Id.* ¶ 103. He further seeks his legal fees and $75,000 for interference with his private life and property. *Id.* ¶ 107.

## II. LEGAL STANDARD

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction . . . [and it] is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A

---

The government alleges that Lundberg fraudulently created a series of trusts to avoid tax liability for the property. *Id.* at *10-11.

² Lundberg's forty-nine page complaint also contains a multitude of legal arguments about the IRS's authority and the validity of income tax, *id*. ¶¶ 18-20, federal encroachment on California's state sovereignty, *id*. ¶ 55, the illegitimacy of the Internal Revenue Code, *id*. ¶¶ 64- 82, and additional theories, too numerous to be described here in full, as to why Lundberg should not pay taxes. These theories, like his contentions that the IRS "engaged in extortion and racketeering," *id*. ¶ 17, are wholly consistent with the "shopworn arguments characteristic of the tax-protester rhetoric that has been universally rejected." *Stearman v. Comm'r*, 436 F.3d 533, 537 (5th Cir. 2006) (internal quotation marks omitted).

plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007); *see also Newby v. Obama*, 681 F. Supp. 2d 53, 55 (D.D.C. 2010) (noting that "even a *pro se* plaintiff bears the burden") (internal quotation marks omitted).[3]

### III. ANALYSIS

Defendants assert that each of Lundberg's requests for relief and claims must be dismissed. Defendants argue that (1) the Anti-Injunction Act, 26 U.S.C. § 7421(a), deprives the Court of subject matter jurisdiction over Lundberg's request for a cease and desist order, (2) the Declaratory Judgment Act, 28 U.S.C. § 2201(a), does not provide the Court with subject matter jurisdiction over Lundberg's request for a declaratory judgment, and (3) the sovereign immunity of the United States prevents the Court from exercising jurisdiction over Lundberg's claims alleging constitutional violations. Defendants further argue that the Attorney General is an improper defendant in this case.

**A.    The Court Must Dismiss Lundberg's Claims Because it Cannot Grant the Relief That Lundberg Seeks.**

As noted, Lundberg seeks three remedies based on his claims that the United States is unlawfully attempting to collect taxes from him: an "order of cease and desist," a declaratory judgment, and damages.

---

[3] Lundberg's complaint, filed *pro se*, is "to be liberally construed" and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

    **1.**    **The Court Lacks Subject Matter Jurisdiction to Grant a Cease and Desist Order to Lundberg.**

Defendants argue that the Anti-Injunction Act deprives the Court of jurisdiction over Lundberg's request for a cease and desist order, and the Court agrees. The Anti-Injunction Act bars most suits to enjoin collection of federal taxes. 26 U.S.C. § 7421(a).[4] "The object of § 7421(a) is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." *Enochs v. Williams Packing & Navig. Co.*, 370 U.S. 1, 5 (1962).

Lundberg argues on several grounds that the Court may issue a cease and desist order. First, Lundberg contends that the Anti-Injunction Act does not bar his request because an "order of cease and desist" is not an injunction. Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 2. But an injunction is a "court order commanding or preventing an action," BLACK'S LAW DICTIONARY (8th ed. 2004), which is precisely the nature of the relief that Lundberg seeks. *Cf. KPMG, LLP v. SEC*, 289 F.3d 109, 124 (D.C. Cir. 2002) (utilizing "cease and desist order" and "injunction" interchangeably); *Pollinger v. United States*, 539 F. Supp. 2d 242, 255 (D.D.C. 2008) (holding that the Anti-Injunction Act barred a taxpayer's request for a "cease and desist" order).

Next, Lundberg argues that the Court can issue a cease and desist order because injunctions are available only in courts of equity rather than his chosen forum. Pl.'s Opp'n at 17.

---

[4] The Anti-Injunction Act provides in relevant part that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person," with exceptions concerning the rights of third parties and procedural deficiencies that do not apply here. 26 U.S.C. § 7421(a).

This argument overlooks the merger of law and equity. *See Ross v. Bernhard*, 396 U.S. 531, 539 (1970).

Finally, Lundberg's contention that the Anti-Injunction Act was not properly enacted into law, Pl.'s Opp'n at 18, is one of the many "arguments against the income tax which have been put to rest for years." *Mathes v. Comm'r*, 788 F.2d 33, 35 (D.C. Cir. 1986) (internal quotation marks omitted).

Because the cease and desist order that Lundberg requests is an injunction, the Anti-Injunction Act deprives the Court of subject matter jurisdiction. Consequently, this request for relief must be dismissed.

### 2. The Court Lacks Subject Matter Jurisdiction to Grant a Declaratory Judgment to Lundberg.

Defendants assert that Lundberg's request for a declaratory judgment should also be dismissed because the Declaratory Judgment Act deprives the court of subject matter jurisdiction. Lundberg does not respond directly, and the Court agrees that it may not grant the relief Lundberg seeks. The Declaratory Judgment Act empowers courts to provide declaratory relief, but it explicitly excepts federal taxation cases unless they arise under 26 U.S.C. § 7428, which pertains to organizations. 28 U.S.C. § 2201(a).[5]

### 3. The Court Cannot Grant Monetary Relief to Lundberg Because the United States is Shielded by Sovereign Immunity.

Lundberg's request for monetary relief appears to stem from the defendants' alleged violations of his rights under the Fourth, Fifth, Seventh, and Fourteenth Amendments.

---

[5] The Declaratory Judgment Act allows a federal court to declare the rights of interested parties in "a case of actual controversy within its jurisdiction, except with respect to Federal taxes." 28 U.S.C. § 2201(a).

Defendants argue that sovereign immunity deprives the Court of jurisdiction over "actions alleging constitutional violations related to tax controversies." Def's Reply to Pl.'s Opp'n at 3. Lundberg does not respond directly to this argument.

The Court concludes that it cannot grant the monetary relief Lundberg seeks. Without a waiver of sovereign immunity, courts lack jurisdiction over suits against the federal government. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). In particular, to "sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Lundberg does not identify a waiver that applies to his claims, and the only related waiver of which the Court is aware is inapplicable.[6] Accordingly, the Court concludes that it must dismiss Lundberg's claims for monetary relief.

### B. The Court Must Dismiss Lundberg's Claims Against the Attorney General Because the Attorney General Retains Immunity.

Defendants contend that the Attorney General is an improper defendant in this action. Lundberg does not respond to this contention, and the Court concludes it is correct.

The Attorney General is immune from suits for declaratory and injunctive relief with respect to tax controversies. *See Murphy v. IRS*, 493 F.3d 170, 174 (D.C. Cir. 2007) (holding that federal agencies share the "immunity of the United States from declaratory and injunctive

---

[6] The Court refers to 26 U.S.C. § 7433, which allows taxpayers to bring actions alleging IRS misconduct. *See* 26 U.S.C. § 7433(a). But under this provision, "[a] judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." *Id.* § 7433(d); *see also Kim v. United States*, 461 F. Supp. 2d 34, 37 (D.D.C. 2006) (delineating administrative procedures for taxpayers to satisfy the exhaustion requirement). Lundberg neither purports to bring a claim under this statute nor alleges that he fulfilled this exhaustion requirement.

relief with respect to all tax controversies except those pertaining to the classification of organizations"). As to monetary relief, the statute allowing actions for damages based on IRS misconduct contemplates only actions "against the United States" and does not extend to federal agencies. *See* 26 U.S.C. § 7433(a). The Court therefore dismisses Lundberg's complaint as to the Attorney General.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss will be granted. An appropriate order accompanies this memorandum opinion.

                              Henry H. Kennedy, Jr.
                              United States District Judge